**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4429**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

JAMES WEBSTER MORROW,

            Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:07-cr-00336-FL-1)

Submitted: March 18, 2009          Decided: April 27, 2009

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Webster Morrow pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). In sentencing Morrow, the district court overruled his objection to a two-level enhancement for obstruction of justice and adopted the presentence report without change. The district court sentenced Morrow to seventy months' imprisonment, which fell within Morrow's advisory guidelines range. Morrow timely noted his appeal and argues that the district court erred in enhancing his sentence for obstruction of justice. After considering the record and the arguments of the parties, we reject Morrow's arguments and affirm the judgment of the district court.

The sentencing guidelines provide for a two-level enhancement if a "defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to . . . the defendant's offense of conviction[.]" U.S. Sentencing Guidelines Manual § 3C1.1 (2007).

Obstructive conduct that occurs prior to the start of the investigation of the offense may be covered "if the conduct was purposefully calculated, and likely, to thwart the

2

investigation or prosecution of the offense of conviction." USSG § 3C1.1, comment (n.1). Obstructive conduct within the meaning of § 3C1.1 includes, but is not limited to, "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror" and "threatening the victim of the offense in an attempt to prevent the victim from reporting the conduct constituting the offense of conviction." USSG § 3C1.1, comment (n.4(a), (k)).

Morrow argues that Application Note 1 to § 3C1.1 required the district court to find that his conduct both "was purposefully calculated" and "likely" to thwart the investigation or prosecution of his offense of conviction in order to enhance his sentence for obstruction of justice, and that the district court misapplied § 3C1.1 by failing to explicitly state these findings. Morrow argues that this failure by the district court was an error of law requiring de novo review by this court as opposed to review for clear error. See United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004); United States v. Williams, 152 F.3d 294, 302 (4th Cir. 1998).

Morrow never challenged the findings in the presentence report that he threatened to kill a witness and the witness' girlfriend if they reported to the police that Morrow had a firearm. Rather, Morrow simply claimed that he did not intentionally threaten the witness and that the witness

3

misunderstood his behavior. In the presentence report, the probation officer, in response to Morrow's objection, referenced the examples of obstructive conduct in Application Notes 4(a) and 4(k) to § 3C1.1 and reiterated the facts from Morrow's offense that fell within these examples. By overruling Morrow's objection to the presentence report based on the probation officer's recommendation, the district court implicitly adopted the findings in the presentence report responsive to the objection. Williams, 152 F.3d at 301. The court need not reference the text of an Application Note in making those findings, and Morrow's first claim, therefore, is without merit.

Morrow next argues that the record contains insufficient evidence to prove by a preponderance of the evidence that he purposefully calculated any threat in order to thwart the investigation of the instant offense. Morrow essentially claims that because all of his conduct was not obstructive, none of his conduct was. Our review of the record leads us to conclude that this claim is without merit.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4